IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANTHONY BRIDGES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.1:06-CV-97 (WLS) |
| | : | |
| STATE OF GEORGIA; | : | |
| AMERICUS POLICE DEPARTMENT; | : | |
| Lt. RICHARD MCCORKLE, | : | |
| | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **ANTHONY BRIDGES**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two

elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was falsely arrested by Lt. Richard McCorkle. He alleges that he was arrested without a proper warrant and that Officer McCorkle failed to perform a proper investigation into his case. Plaintiff also seems to allege that his constitutional rights were violated when he was prosecuted for a crime he did not commit.

Plaintiff seeks monetary damages and a "sentence reduction or modification." The reduction or modification of his sentence is not a remedy that is available in an action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus). For this reason the Undersigned **RECOMMENDS** that plaintiff's request for "sentence reduction or modification" be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

Plaintiff has named the State of Georgia as a defendant. However, a state and its agencies are not "persons" who may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, it is **RECOMMENDED** that the State of Georgia be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

Plaintiff has also named the Americus Police Department as a defendant. However, the Americus Police Department is not a legal entity subject to suit. ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992). For this reason, the Undersigned **RECOMMENDS** that the Americus Police Department be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 12th day of July, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb