IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANTHONY BRIDGES, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 7:06-CV-97 (HL) |
| STATE OF GEORGIA; et al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| _____ | : | **ORDER TO SUPPLEMENT COMPLAINT** |

On July 6, 2006, plaintiff **ANTHONY BRIDGES,** presently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. §1983. This Court, in accordance with 28 U.S.C. § 1915A, conducted a frivolity review of the action.

The Court entered a Report and Recommendation on July 12, 2006 in which the Undersigned recommended to Judge W. Louis Sands that plaintiff's request for a "reduction or modification" of his sentence be dismissed; along with defendants State of Georgia and the Americus Police Department. Also on July 12, 2006, the Court entered and Order allowing plaintiff's claim that Lt. Richard McCorkle falsely arrested him to go forward.

Before Lt. McCorkle filed his answer on September 15, 2006, plaintiff filed a motion to amend his complaint. In this motion, plaintiff states that he wishes to add Detective Reginald Merritt and Brett Murray to his complaint. However, plaintiff does not tell the Court why he wishes to add these defendants; nor does he explain how they violated his constitutional rights.

Plaintiff needs to tell to the Court why he wants to name these two individuals as defendants. Specifically, plaintiff must state when and how these two potential defendants violated his constitutional rights.

Plaintiff shall have until December 12, 2006 to submit a supplemental complaint. If plaintiff fails to respond to this Order in a timely manner, his motion to amend complaint will be denied.

**SO ORDERED**, this 22nd day of November, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb