# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **ANTHONY BRIDGES,** | : |
| **Plaintiff,** | : |
| VS. | : CIVIL ACTION FILE |
| | : NO. 1:06-CV-97 (WLS) |
| **Lt. McCORKLE,** | : |
| **Defendant.** | : |

## RECOMMENDATION OF DISMISSAL

For the reasons set out below a recommendation of dismissal of plaintiff's complaint is the only viable option remaining for the court. Plaintiff filed his complaint on July 6, 2006, along with his motion to proceed herein *in forma pauperis* (docs. 1 & 2). On July 12, 2006 the undersigned granted plaintiff's motion to proceed *in forma pauperis* and directed service of the complaint upon the defendant McCorkle. That order also advised the plaintiff that the discovery period herein would commence with the filing of the defendant's answer and run for a period of ninety days. Further, plaintiff was instructed that he must diligently prosecute his claim of face the possibility of its dismissal pursuant to Federal Rule of Civil Procedure 41(b) (doc. # 4). On that same date the undersigned also recommended that The State of Georgia and the Americus Police Department be dismissed as defendants (doc. 5).

On July 25, 2006, plaintiff filed a motion to add two additional defendants (doc. # 7). This appears to be the only action undertaken by the plaintiff since the filing of his complaint. Inasmuch as his motion did not address any misconduct on the part of the defendants sought to be added, plaintiff was ordered to supplement his complaint on November 22, 2006 (doc. # 11). Plaintiff failed to comply with the order to supplement and on January 11, 2007, the undersigned

denied his motion to amend (doc. # 11).

Defendant answered the complaint on September 15, 2006 (doc. # 9) and on November 20, 2006, filed a proper motion to compel predicated upon plaintiff's failure to respond to defendant's interrogatories (doc. # 10). On April 24, 2007, the undersigned granted defendant's motion to compel, giving plaintiff thirty more days in which to respond to the interrogatories. That order also advised the plaintiff the if he "fails to comply with this order, the undersigned shall recommend to the presiding district judge that this action be dismissed in its entirety with prejudice for plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." (doc. # 14).

Presently pending is defendant's motion to dismiss the complaint based upon plaintiff's failure to respond to the motion to compel and his failure to respond to or comply with the court's order of April 24, 2007 (doc. # 15). Although defendant's motion to dismiss was only filed on July 3, 2007, the history of this action insofar as plaintiff's ignoring his responsibility to prosecute this action and completely ignoring all previous orders entered herein, in the opinion of the undersigned, makes it unnecessary to give the plaintiff notice of the filing of the motion to dismiss as he has been forewarned.

The following is quoted from the defendant's motion and is appropriate:

> While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). A district court's order of dismissal under Rule 41(b) is reviewed for abuse of discretion. World Thrust Films, Inc. V. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). Dismissal is appropriate when a party engages in a clear pattern of delay or willful contempt, and the district court finds that lesser sanctions will not suffice. Id.

A review of the chronology of events in this file as set out above leads to the inescapable

conclusion that plaintiff has engaged in a clear pattern of delay and/or willful contempt herein, thus mandating the finding that lesser sanctions will not suffice. In this connection it should be noted that none of the orders mailed by the Office of the Clerk of Court which were addressed to the plaintiff have been returned as undeliverable. It may therefore be presumed that he received the orders and directives of the court and simply ignored them. Accordingly, for the reasons set out above it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be GRANTED with prejudice.

While it is clear to the undersigned under these circumstances that counsel for defendant is entitled to an award of attorney fees, plaintiff's *in forma pauperis* status as a prisoner litigator makes collection of same highly unlikely and unrewarding, and for that reason only the undersigned does not recommend and award of fees. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 13th day of July 2007.

 */s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE